CORN, J.
At the May term, A. D. 1887, of the district court of Laramie county, separate indictments for perjury were returned against the plaintiffs in error in these causes. They were separately tried, and found guilty, and each filed his motion in arrest of judgment and for a new trial. The motions in both cases were overruled, and sentence pronounced. They bring their cases by petition in error to this court. For the purposes of this opinion, the causes are identical, and we consider them together.
At the Novémber term, A. D. 1886, of the district court of Laramie county, the defendant in one of these indictments, Edwin Cerns, was tried upon an indictment, charging him as accessory after the fact to a mur *271 der, alleged to have been committed by one Charles Trumble, with having assisted Trumble in attempting to escape. Upon that trial the defendants in these indictments testified on behalf of Trumble, and perjury is assigned upon that part of the testimony of both of them wherein they stated that, immediately after the shooting of one Miley by Trumble, Cerns said to Trumble, in substance, “I will have to arrest you,” or “I will take charge of you, ” and that he did immediately arrest Trumble. The evidence shows that Trumble was a deputy-sheriff; that the defendant Ketchum was city marshal of the town of Lusk, and Cerns a policeman, all of them residing at Lusk. On the night of the 9th of October, in Whittaker’s saloon, Trumble shot and killed one Miley. It is the testimony of nearly all of the witnesses who were present at the transaction that, immediately after the shooting, Ketchum took Trumble’s pistol from him, and as soon as his pistol was taken away Cerns took hold of Trumble by the shoulder. About this there seems to be no serious question. The testimony of the various witnesses differs as to what was said by Cerns after the shooting, though there is perhaps no necessary conflict. Trumble testifies that when Cerns took hold of him he said; “I will have to take you.” Cerns testifies that he said: “I will take charge of you.” -Ketchum states that he understood him to say “he would have to hold him.” James Alfson states that Ketchum took his pistol away, and ,'lerns caught hold of him, and said “Come along,” or “Go along.” Other witnesses state that they did not hear Cerns say, “I arrest you,” or any similar words. Cerns and Trumble went out of the saloon, Cerns still having hold of Trumble. They went to a livery stable, some distance away; Trumble saying that he was going to get his horse to go to the justice of the peace, who lived about a mile from town, and give himself up. Ellis Johnson, who knew nothing of the shooting, testifies that he and Andrew Hansen met Cerns and Trumble near the livery stable, and that Trumble told him that he had killed a man, and was going to get his horse, and go and give himself up; that Trumble shook the stable door, when Cerns took hold of him, and pulled him away, and said, “You shan’t go in there; you are in my charge now.” Hansen testifies to substantially the same facts.
Why, under this evidence, the jury should find that Cerns and Ketchum committed perjury, in testifying that Cerns arrested Trum-ble, would be altogether inexplicable, unless taken in connection with the prosecution of Cerns as accessory after the fact. While Cerns and Trumble were at the stable, a crowd of citizens, concluding that Cerns, instead of arresting Trumble in good faith, was actually assisting him to escape, came up, and took both of them into custody. The circumstances immediately following the shooting would justify such a suspicion at least, and it is quite evident that the prosecution for perjury proceeded upon this theory; That the arrest by Cerns was merely colorable; that his purpose was to get Trum-ble into his own hands, and then spirit him away; that consequently Cerns’ testimony that he arrested him was false in fact.
It does not appear from the testimony that Cerns and Ketchum were officers de jure. Indeed, it seems probable from the testimony that, in the disorganized or unorganized condition of society at Lusk at that time, they were only acting as such by common consent, though it appears they received pay for the service from some source. Whatever may be the fact, it makes no difference. It is the duty of a citizen, seeing a felony committed, to arrest the offender. An arrest so made is as much an arrest as if made by an officer with a warrant; and there can be no doubt, under the facts as shown by the record, that, if Cerns had suffered Trumble to escape, he would have been punishable under the statute for an escape. A great preponderance of the evidence shows that the acts of Cerns constituted a legal arrest, and, whatever may have been his ulterior purpose, he and Ketchum did not testify falsely when they stated that he arrested Trumble. The judgment is reversed, and a new trial ordered.